IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-182 |
| | ) | (Varlan / Shirley) |
| THOMAS ALEXANDER PHELAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 25, 2008, for a status conference. Assistant United States Attorney Matthew Morris was present on behalf of the government. Attorney Kim Tollison appeared on behalf of Defendant Thomas Phelan. Mr. Phelan was not present.

At the hearing, Attorney Tollison reported to the Court that Mr. Phelan was still in the process of receiving an assessment of his mental capacity at the time the alleged offense was committed, pursuant to the Court's Order of December 5, 2007, [Doc. 30]. On that date, the parties jointly requested that the Court order a mental evaluation in response to or in support of Mr. Phelan's Notice of Insanity / Diminished Capacity [Doc. 26], which the Court granted.

Attorney Tollison reported that Mr. Phelan was not transported to a facility for purposes of the assessment until January 10, 2008, although he has been detained pending trial. Attorney Tollison stated that he has spoken with the doctor performing the evaluation and that she estimates a written report of her findings will be filed by the second week of March.

Because the defendant was not present in the jurisdiction, the assessment had not been completed and no report as to the findings was available, the Court found it would be impossible to proceed with the trial of this matter on February 27, 2008, as scheduled. The parties agreed that under these circumstances, a continuance of the trial date was necessary See 18 U.S.C. § 3161(h)(8)(B)(I). Further, after a report has been completed by the examiner and submitted to the parties, they will require time to prepare for trial in light of the findings. The Court found that without a continuance, counsel would not have the reasonable time necessary to prepare for trial in light of the report, despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The parties agreed that all the time between the date of the Court's Order of Commitment [Doc. 30], December 7, 2007, and the new date of the trial is excludable from the operation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A)(evaluation) and (H)(transportation). The Court agreed with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

Accordingly, the joint oral motion to continue was **GRANTED**. The trial of this matter was reset to commence on **May 21, 2008, at 9:00 a.m.** before the Honorable Thomas A. Varlan, United States District Judge. No further dates were set at the hearing.

The Court also finds, and the parties agree, that all the time between the December 5, 2007, entry of the Order of Commitment and the new trial date of May 21, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge