UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:06-CR-182 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| THOMAS ALEXANDER PHELAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the defendant's Motion for Medical Treatment [Doc. 37], filed on June 23, 2008, and referred [Doc. 39] to the undersigned on June 30, 2008. See 28 U.S.C. § 636(b). The parties appeared before the Court for a hearing on the motion on July 22, 2008. Assistant United States Attorney Cynthia Davidson appeared on behalf of the government. Attorney Kim A. Tollison represented the defendant. Defense counsel requested or moved the Court to transfer the defendant to the Federal Medical Center in Lexington, Kentucky, for medical treatment because of an alleged heart problem. The government took no position on the matter. The Court indicated that it needed medical records supporting the defendant's request and asked that the defendant provide such medical records to the Court and the government. Attorney Tollison provided the necessary medical records to the Court on September 3, 2008. He provided further information on the appropriate medical center for the defendant in a telephone call to chambers on September 17, 2008.

In his motion, the defendant alleges that he was scheduled for surgery on his heart, but the surgery was cancelled because the medical staff determined that the defendant was too weak to have

1

the surgery and his arteries in the vicinity of his heart were too weak to hold a graph. The defendant seeks treatment in a federal medical center to determine whether the surgery can ever be performed and whether he is physically able to stand trial. The Sixth Circuit has opined "a person detained in custody is entitled to medical treatment when necessary on account of illness or injury[.]" <u>Shannon v. Lester</u>, 519 F.2d 76, 79 (6th Cir. 1975). The Court is unaware of any formal procedure for obtaining a pretrial physical evaluation at a federal medical facility similar to that available for mental examinations, <u>see</u> 18 U.S.C. § 4241, et seq. Nevertheless, Congress has contemplated that such examinations might occur as reflected by its provision of a basis for exclusion of time in the Speedy Trial Act for "delay resulting from any proceeding, including examinations, to determine the mental competency or *physical capacity* of the defendant." <u>See</u> 18 U.S.C. § 3161(h)(1)(A) (emphasis added). Accordingly, the Court will apply the "reasonable cause" standard used to ascertain whether a defendant should be committed for a mental evaluation to determine competency to stand trial. <u>See</u> 18 U.S.C. § 4241(a) (requiring the Court to grant the motion for a competency hearing if it finds "any reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent . . . .").

The Court has reviewed the medical records presented by the defendant and has considered the information proffered at the July 22 hearing. In light of this information and the foregoing, the Court finds that the defendant, Thomas Alexander Phelan, has shown reasonable cause that he should be transported to FMC Lexington as a pretrial detainee pending trial and any other pretrial hearings for a physical evaluation to determine his physical capacity to stand trial and for further treatment of his heart condition. In so ruling, the Court is not making a finding that the Blount County Jail provided improper or inadequate treatment to the defendant. However, this defendant

2

has unique medical needs and problems, has required unique medical care and treatment, and his continuing complaints have already resulted in considerable expenditures of time, effort, and cost on the part of the Court, the attorneys on both sides, jail personnel and the Marshal's Service. Moreover, it is apparent that further inquiry (and resulting time and cost expenditures) would be necessary to formally resolve the questions surrounding the defendant's ability to stand trial. Therefore, in light of the defendant's persistent health problems, the fact that the defendant's attorney feels it is in the defendant's best interest medically to undergo physical evaluation and treatment at a federal medical center, the fact that the Court also believes the requested evaluation is in the defendant's best interest based upon the defendant's representations and the medical records provided, and the fact that the government does not object to this motion, the undersigned expressly finds and holds that the defendant should be transported to FMC Lexington for medical purposes, it being in the defendant's best medical interest.

Accordingly, the Court **GRANTS** the defendant's Motion [**Doc. 37**], and it is hereby **ORDERED**, as follows:

   1. The defendant shall remain in custody to await designation by the Bureau of Prisons for confinement in a suitable facility for the purpose of conducting a physical examination one or more licensed medical personnel. The Court recommends that this evaluation take place at the **United States Medical Center for Federal Prisoners in Lexington, Kentucky**. Once designation of the facility is received, the defendant shall be transported by the United States Marshal's office to such facility.

   2. The purpose of the evaluation shall be:

      a. for conducting a physical examination by one or more licensed medical professionals;

      b. for the purpose of determining whether the defendant is suffering from a physical condition that inhibits his capacity to stand trial; and

  c. for the purpose of determining the nature and extent of his heart condition and the stabilizing of same.

3. Upon the defendant's arrival at the facility, the staff shall notify defense counsel, who shall forward the defendant's medical records to the facility.

4. The defendant shall be given any necessary medications or treatment if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall file with the Court as soon as possible after the completion of such examinations, but no later than two months from receipt of the defendant at the facility, a report of their examinations with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

  a. defendant's history and present symptoms;

  b. description of the physical examinations, medical tests, and treatment that were employed and their results;

  c. examiners' findings;

  d. examiners's opinions as to diagnosis and prognosis, and

  i) whether the defendant is physically able to stand trial, and

  ii) the type of treatment that the defendant requires for his heart condition.

6. The defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time. The defendant will be deemed committed to the custody of the Attorney General or his designated representative for confinement at said correction facility and kept separate to the extent practicable for persons awaiting sentences or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.

7. That the defendant be **FORTHWITH RETURNED** to the custody of the United States Marshal at the conclusion of his evaluation and treatment or at such time that this Court so orders. Upon order of this Court or a Court of the United States or upon request of the attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshals for the purpose of an appearance in connection with a Court proceeding.

4

8. The status conference scheduled before The Honorable Thomas A. Varlan on **Thursday, September 25, 2008 at 10:00 a.m.** will be **before the undersigned** on the same date and time. At that time, the Court will take up further scheduling in this case.

**IT IS SO ORDERED.**

ENTER:

<u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge

5