IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-182 |
| | ) | |
| THOMAS ALEXANDER PHELAN, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter came before the undersigned on May 14, 2009, for a hearing on defense counsel's Motion to Withdraw as Attorney, filed [Doc. 51] and referred [Doc. 53] that same day. Assistant United States Attorney Cynthia Davidson appeared as counsel for the government, and Attorney Kim A. Tollison appeared with the defendant, who was also present.

In his motion, Attorney Tollison contends that he believed the attorney-client relationship between he and the defendant was broken beyond repair because the defendant sent him a letter discharging him and declined to see him again. Attorney Tollison maintains that he went to the jail on May 13, 2009, to see the defendant but the defendant refused to see him. Attorney Tollison argues that it would be unfair to require the defendant to proceed to trial represented by an attorney in whom he apparently has no confidence. The government strenuously opposes [Doc. 52] defense counsel's withdrawal four calendar days and just two business days before the May 18, 2009 trial. It maintains that the defendant has failed to show the good cause required to justify a change in attorneys and that his last-minute dissatisfaction with counsel is nothing more than a purposeful

1

attempt to delay the trial. The government asserts that permitting defense counsel to withdraw at this late hour would deny the public its right to a speedy trial.

At the hearing, Attorney Tollison stated that while the defendant was undergoing a physical examination at the Federal Medical Center in Springfield, Missouri, he received a letter from the defendant's friend indicating that the defendant wanted to enter a guilty plea in the case upon his return. Several weeks after the defendant returned to this district, Attorney Tollison visited the defendant and learned that he wanted to go to trial. The defendant wrote a letter that day, which Tollison did not receive until this week, stating that because Tollison had not undertaken some trial preparation that the defendant wanted, he was firing Tollison and did not want to see him. Mr. Tollison stated that at that time, he did not think the trial preparation requested by the defendant was necessary, and Tollison agreed that he had not done it. When Mr. Tollison went to the jail to talk with the defendant about the letter, the defendant refused to see him.

The government argued that the defendant had not shown good cause for substitution of counsel and that the parties were ready to go to trial on May 18, 2009. AUSA Davidson stated that the government had already prepared its eleven witnesses, including the two tellers who were the victims of the bank robbery, an agent from the Northern District of Ohio, and a psychiatrist from Missouri, for trial and that defense counsel had a witness coming from Ohio to testify for the defendant. She said that the defendant had also been indicted in January 2007 for bank robberies occurring in the Northern District of Ohio and that prosecution had been delayed awaiting the defendant's trial in this case. The government argued that the defendant's motion to substitute counsel was made to delay the trial once again.

The Court asked the government to leave the courtroom and conducted a sealed, *ex parte* hearing to inquire into the reasons for the defendant's dissatisfaction with defense counsel. Without

2

going into the confidential and private nature of that discussion, the Court concluded that good cause for the appointment of new counsel does not exist. The rule in this circuit is that a defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). After carefully considering the positions of the defendant, defense counsel, and the government, the Court finds that the attorney-client relationship between the defendant and Mr. Tollison is not irreparably and irretrievably broken. Instead, the Court finds that if Mr. Tollison contacts certain witnesses, pursues certain investigation, and more fully explores certain defenses, the defendant will be able to and is agreeable to proceeding to trial with Mr. Tollison representing him. The Court also finds that although the defendant's raising of these issues with his attorney so close to trial is certainly untimely, fault for the belated nature of the motion lies more with defense counsel than the defendant and due to a misunderstanding. The Court also concludes that the defendant did not raise these issues at this juncture for the purpose of delay. Accordingly, defense counsel's Motion to Withdraw as Attorney [**Doc. 51**] is **DENIED**. Mr. Tollison will continue to represent the defendant.

The Court also finds that a short continuance of the May 18, 2009 trial date is necessary in order to permit defense counsel to complete certain trial preparations. The Court has carefully weighed the impact of another continuance on the victims and the public and finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Defense counsel needs time to contact witnesses, investigate, and prepare for trial in order to give the defendant the opportunity to pursue certain defenses. The Court believes that by announcing this ruling from the bench on Thursday, May 14, before the Monday, May 18, trial, the government will be able to prevent the witnesses from

3

traveling or otherwise further inconveniencing themselves based on the May 18 trial date. The Court finds that all of this preparation could not take place by the May 18, 2009 trial date or in less than one month. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence from this point forward. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court **GRANTS** a continuance of the trial and resets it to **June 22, 2009**. The Court finds that all the time between the May 14, 2009 hearing and the new trial date of June 22, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, it is **ORDERED**:

>(1) Attorney Kim Tollison's Motion to Withdraw as Attorney [**Doc. 51**] is **DENIED**;
>
>(2) The trial of this matter is **CONTINUED** and is reset to commence on **June 22, 2009**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge; and
>
>(5) All time between the **May 14, 2009** hearing and the new trial date of **June 22, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

> ENTER:
>
>   s/ C. Clifford Shirley, Jr.
> United States Magistrate Judge